UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TEMESGEN TESFAYE,

                Petitioner,

        v.

MARKWAYNE MULLIN, *et al.*,

              Respondents.

Case No. C26-1763-RSM

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

This matter comes before the Court on Petitioner Temesgen Tesfaye's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Dkt. #1. The Court has reviewed the certified petition, the responsive briefing filed by the Government, Dkt. #4, a Reply, Dkt. #7, and the remainder of the record. The following facts are taken from the verified petition and a declaration of a deportation officer submitted by the Government. *See* Dkts. #1 and #5.

Petitioner is a thirty-year-old citizen of Eritrea. Petitioner entered the United States on September 28, 2024, without inspection. Petitioner was immediately detained at entry and initially processed for expedited removal. On October 15, 2024, Petitioner claimed fear of persecution in Eritrea and was referred to United States Citizenship and Immigration Services ("USCIS") for a credible fear interview. USCIS interviewed Petitioner on October 25, 2024, and made a negative credible fear determination on October 30, 2024. Petitioner requested an

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241- 1

Immigration Judge's review and on November 1, 2024, the Immigration Judge overturned USCIS's negative credible fear determination.

Sometime in November 2024, Petitioner was served with a Notice to Appear in immigration court and released on his own recognizance. Upon release, Petitioner filed a timely asylum application and related relief with the Seattle Immigration Court.

Petitioner complied with ICE check-ins, including bi-weekly in-person check-ins at the Seattle ICE Field Office and prescheduled home visits that required he be available at his residence from 6:00 AM to 6:00 PM. During pre-scheduled home visits Petitioner sometimes accepted a video call and sometimes an ICE officer would come to his home to take a photograph of him. Petitioner has no history of arrests or criminal conviction in the United States.

On May 07, 2026, Petitioner attended a routine in-person check-in at the ICE office, where he was arrested and detained. Petitioner was transferred to Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. On May 8, 2026, Petitioner was issued another Notice to Appear, superseding his previous one, with a Master Hearing for June 10, 2026. Petitioner has not had a bond hearing and is not currently scheduled for one.

The Government states that Petitioner incurred multiple Alternative to Detention ("ATD") violations, including seven missed callbacks. Prior to his May 07, 2026, check-in Petitioner did not receive written notice of the reason for his detention. He did not receive a hearing before a neutral decision-maker to determine if his detention was justified. Petitioner remains at NWIPC.

Federal courts have authority to grant writs of habeas corpus to an individual in custody if it is in "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. §

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241- 2

2241(c)(3). In this case, Petitioner contends that her arrest and detention violate the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V. The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id*. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965)). Determining whether an administrative procedure provides the process constitutionally due:

> generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id*. at 335.

In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that *Mathews*' three-part test applies in "the immigration detention context." 53 F.4th 1189, 1206-07 (9th Cir. 2022). The parties discuss how the application of the *Mathews* text applies here, and the Court will consider each *Mathews* factor in turn to determine whether Petitioner's arrest and detention

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241- 3

comport with constitutional due process requirements.  In so doing, the Court is mirroring the application of this test used by other judges in this District.  *See, e.g., E.A. T.-B. v. Wamsley, et al.*, No. 25-1192-KKE, -- F. Supp. 3d --, 2025 WL 2402130 (W.D. Wash. Aug. 19, 2025).

The Court disagrees with the Government's assertion that Petitioner is subject to mandatory detention under § 1225(b), as he has been released in the United States for over a year on his own recognizance and has a pending case for relief in Immigration Court. Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529, 124 S. Ct. 2633, 159 L. Ed. 2d 578 (2004).  That Petitioner was living in the United States for over a year, detained without notice, placed in detention, and remains in custody after no changes to his status undoubtedly deprives him of an established interest in his liberty.

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest.  The Court agrees with Petitioner that the risk of erroneous deprivation of his liberty is high under the facts of this case. The Government's assertion that Petitioner is a "noncitizen who is present in the United States without admission," Dkt. #4 at 6, thus subject to § 1226(b)(2), aligns with its "position [that] appears to be that any and all non-citizens not previously admitted to the United States are subject to mandatory detention." *A.C.J. v. Hermosillo*, 2026 WL 73857, at *4 (W.D. Wash. Jan. 9, 2026).  Many district courts have found this "selective reading of the statute" unpersuasive and disregarding the plain meaning of the statute.  *See id*. (compiling cases). Notably, the issuing officers of Petitioner's 2024 and 2026 Notice to Appear specifically designated "present in the United States" rather than "arriving." Dkt. #6 at Ex. 3 and 5. This second factor also weighs in favor of the Petitioner.

In the final *Mathews* factor, the Court considers the Government's interest in arresting

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241- 4

and detaining Petitioner without a hearing. The Government has a clear interest in detaining removable non-citizens under certain circumstances to the extent they do not abscond or commit crimes. But where Petitioner has been living in the United States for over a year, following the rules while waiting for any notice from USCIS, and there was no material change in his particular circumstances prior to arrest, the Government fails this factor. The Government's thin evidence that Petitioner violated the conditions of his ATD is unconvincing, as the Government solely provides statements that he violated the conditions, while Petitioner states he attended bi-weekly in-person check-ins, answered video and phone calls, and complied with pre-scheduled home visits where "he was required to be available at his residence from 6:00 A.M. TO 6:00 P.M.." *See* Dkt. #1 at ¶ 6. Furthermore, the Government's assertion that Petitioner's release would "inhibit the Executive's function of immigration enforcement" and "wholly negate" the purpose of conditional release fails to convince the Court of the Government's interest in keeping Petitioner detained. Dkt. #4 at 9. The Court finds that the Government's interest here is low. *See also E.A. T.-B.*, *supra*.

Based on this review of the *Mathews* factors, the Court finds that Petitioner has a protected liberty interest in his continued release from custody, and due process requires that Petitioner receive a hearing before an immigration judge before he can be re-detained.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition is GRANTED. The Court ORDERS that Petitioner shall be released from custody **no later than July 13th, 2026**, under the conditions of his most recent release order and may not be re-detained until after an immigration court hearing is held (with adequate notice) to determine whether detention is appropriate. Any fee petition shall be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412, and

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241- 5

shall be noted under Local Rule 7(d)(3).

DATED this 9th day of July, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241- 6